NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0663n.06

No. 14-6551

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED** |
| | ) | Sep 30, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JASON E. MIKULA | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     BATCHELDER, MOORE, and ROGERS

BATCHELDER, Circuit Judge.  Jason Mikula served seven years in prison for sexual misconduct involving his three-year-old daughter.  Within seven months of his release on parole, the authorities discovered him in possession of more than 600 images of child pornography.  He pleaded guilty to receiving and possessing child pornography and was sentenced to 240 months imprisonment, to be followed by 15 years of supervised release.  In this appeal, Mikula asserts that his sentence is substantively and procedurally unreasonable.  Both arguments fail.  The district court acted within its discretion and its sentence fell squarely within the proper Guidelines range.  Therefore, we AFFIRM the judgment of the district court.

**I.**

In August 2005, before the offense at issue in this case, Mikula was convicted of sexual exploitation of a minor and aggravated sexual battery.  In August 2012, after serving seven years

in prison, Mikula was released on lifetime supervision.  In March 2013, the FBI received information from the National Center for Missing and Exploited Children (NCMEC) that Google had reported an individual was using an email account to upload images of child pornography. In the investigation that followed, law enforcement discovered that the email account was used by Mikula.  Since this was a direct violation of Mikula's probation, law enforcement executed a search warrant at his residence.  They discovered that Mikula was actually operating numerous email accounts and had accumulated over 600 images of child pornography on his cellular telephones.

Mikula was indicted for the receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and for the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  He did not enter into a plea agreement with the Government, but pleaded guilty to both counts.  At sentencing, the judge considered the recommendation of the Presentence Report in light of the factors in 18 U.S.C. § 3553(a) and imposed a sentence of 240 months imprisonment, followed by 15 years of supervised release.  This appeal followed.

**II.**

The first issue raised by Mikula on appeal is whether his sentence was substantively unreasonable in light of the fact that the judge emphasized the significance of Mikula's prior offender status.  "This [c]ourt reviews sentences for . . . substantive reasonableness under the abuse of discretion standard."  *United States v. Jones*, 641 F.3d 706, 711 (6th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  A sentence is "substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any

pertinent factor." *United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015) (internal quotation

marks and alterations omitted).

> As summarized by the Supreme Court, a sentencing judge must consider:
>
> (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. The provision also tells the sentencing judge to "impose a sentence sufficient, but not greater than necessary, to comply with" the basic aims of sentencing as set out above.

*Rita v. United States*, 551 U.S. 338, 347–348 (2007) (summarizing 18 U.S.C. § 3553(a)).

Here, at sentencing, the judge acknowledged these factors and stated that, in accordance

with the Supreme Court's directive in *United States v. Booker*, he would evaluate the

recommended Sentencing Guidelines range through the lens of § 3553. After confirming that the

defendant had no objection to the Presentence Report, the judge accepted the report's offense

level and criminal history calculation. He then summarized Mikula's personal history, gave

Mikula and defense counsel an opportunity to speak, and explained the possible sentence range.

The range recommended by the Sentencing Guidelines was 210 to 262 months' imprisonment,

followed by five years' to life supervised release. After noting these things, the judge declared

his sentence:

> Looking at the factors in Section 3553 you can't ignore and one of the factors that probably weighs the heaviest is this defendant's history. Difficulty even to describe or read what he did and then turned around right after getting out and engaged in this conduct.
> In order to promote a respect for the law, to prevent any further victims of this defendant, I think a significant sentence is warranted in this case. An aggregate of those factors, I believe, results in a sentence to a term of 240 months in the custody of the Bureau of Prisons to run concurrently. That's on each count. He's required to serve 15 years of supervised release that will also run concurrently.

It is apparent from this statement that the judge gave particular weight to Mikula's prior offense, the first § 3553 factor. But he also referred to the § 3553 factors generally, and he specifically mentioned two aspects of the second § 3553 factor as key to his decision, namely the need to promote respect for the law and to protect society from further criminal conduct by Mikula. *See* 18 U.S.C. § 3553(a)(2)(A) and (C).

"If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. . . . The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). In the present case, the sentence falls squarely within the applicable Guidelines range, and we accordingly adopt a presumption of reasonableness. Moreover, the fact that the judge accorded great weight to some factors does not constitute an abuse of discretion. As we have stated before, "a district court does not commit reversible error simply by attaching great weight to a single factor." *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (internal quotation marks omitted). When "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an *unreasonable* amount of weight to any particular one." *Id.* (internal quotation marks omitted) (emphasis added). Given the circumstances of this case, it was not unreasonable for the district court to weigh the factors as it did. In light of the analysis performed by the judge, we do not find that the sentence was substantively unreasonable or that the district court abused its discretion.

### III.

The second issue raised by Mikula is whether his sentence was procedurally unreasonable in light of the fact that the judge summarily addressed the objections raised by defense counsel during the sentencing hearing. This question we also review for abuse of discretion. *Gall*, 552 U.S. at 51; *see also United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011).

> A sentence is procedurally unreasonable where a district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) sentencing factors, selects a sentence based upon erroneous facts, or fails to adequately explain its chosen sentence and its deviation, if any, from the Guidelines range.

*Hall*, 632 F.3d at 335 (citing *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008)).

Here, at sentencing, after pronouncing his decision, the judge gave defense counsel the opportunity to voice objections in accordance with *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Defense counsel acknowledged that Mikula's conduct was "disturbing," but went on to object that the sentence was "more than necessary" and motivated too much by Mikula's prior conviction. In response, the judge stated that he understood counsel's concern, but he reiterated that his sentence reflected "an aggregate of all of these factors." The judge acknowledged that it was possible to argue for a higher or lower sentence; but in the end, he exercised his discretion in light of all of the appropriate factors and adhered to his original sentence. There is no evidence that the judge improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider all of the relevant factors, based his sentence on erroneous factors, or failed to adequately explain his decision. Thus, the sentence was procedurally reasonable, and the district court did not abuse its discretion in any way.

### IV.

The district court did not abuse its discretion, and Mikula's sentence is neither substantively nor procedurally unreasonable. We AFFIRM the judgment of the district court.